IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BOARD OF DIRECTORS OF THE RAFFAELLO CONDOMINIUM ASSOCIATION, | ) ) ) | |
| Plaintiff, | ) ) | Index No. 15 C 1558 |
| v. | ) ) | |
| 201 EAST DELAWARE, LLC; RAFFAELLO MANAGEMENT, LLC and RAFFAELLO HOTEL OPERATIONS, LLC, | ) ) ) ) | |
| Defendants. | ) | |

## AMENDED COMPLAINT

Plaintiff, BOARD OF DIRECTORS OF THE RAFFAELLO CONDOMINIUM

ASSOCIATION, by its attorneys, David J. Bloomberg, Kristen E. Hudson, and Adam K. Beattie

of Chuhak & Tecson, P.C., for its Amended Complaint against 201 EAST DELAWARE, LLC,

RAFFAELLO MANAGEMENT, LLC, and RAFFAELLO HOTEL OPERATIONS, LLC, states

as follows:

1.     This case concerns the operation and administration of the Raffaello Hotel,

established as a condominium association under the Illinois Condominium Property Act, 765

ILCS 605/1, *et seq*. (the "Act" or the "Condo Act").

## JURISDICTION AND VENUE

2.     This Court has jurisdiction under 28 U.S.C. § 1332.

3.     Plaintiff, an Illinois not-for-profit corporation, is in complete diversity with each of

the three Defendants, which are limited liability companies formed under the laws of the state of

Delaware with their members, upon information and belief, having citizenship in Florida.  The

amount in controversy exceeds $100,000.00.

4. Venue is proper in this judicial forum as the facts giving rise to the controversy occurred in the Northern District of Illinois, and the subject property is located within Cook County, Illinois.

5. Plaintiff is the Board of Directors for the Raffaello Condominium Association ("Association"). Plaintiff is an Illinois not-for-profit corporation formed as a Condominium Association under the Act, and, based on the Act, is responsible for the maintenance and administration of the "Common Elements" of the property known as the Raffaello Hotel located at 201 E. Delaware Place in Chicago, Illinois, as further set forth in the Association's Declaration of Condominium Ownership and Easements, Restrictions, Covenants, and By-Laws. Plaintiff has standing to bring this action in its representative capacity under 765 ILCS 605/9.1(b), as the claims stated herein relate the Common Elements of the Association and effect more than one unit within the Association.

6. Defendant 201 East Delaware, LLC is a Delaware Limited Liability Company with its principal place of business located at 2200 Biscayne Blvd. in Miami, Florida, and at all times relevant to this Complaint has served as the Developer of the Association as that term is defined in the Association's Declaration of Condominium Ownership and Easements, Restrictions, Covenants, and By-Laws. 201 East Delaware, LLC has as its sole member an entity called 201 East Delaware Holdings, LLC, a separate Delaware Limited Liability Company with its principal place of business located at 2200 Biscayne Blvd. in Miami, Florida. 201 East Delaware Holdings, LLC has as its sole member an entity called CH Region 1 Holdings LLC, a Florida LLC with its principal place of business located at 2200 Biscayne Blvd. in Miami, Florida. CH Region 1 Holdings LLC has as its sole manager an entity called CH Property Holdings LLC a/k/a Crescent Heights Property Holdings LLC, a Florida LLC with its principal place of business located at 2200 Biscayne Blvd. in Miami, Florida. Crescent Heights Property Holdings,

LLC has among its managers Sonny Kahn, Russell Galbut, and Bruce Menin, all residents of the state of Florida with their principal place of business at 2200 Biscayne Blvd, in Miami, Florida.

7.    Defendant Raffaello Hotel Management, LLC is Delaware Limited Liability Company with its principal place of business located at 2930 Biscayne Blvd. in Miami, Florida, and at times relevant to this Complaint has served as the Hotel Manager, as that term is defined in the Association's Declaration of Condominium Ownership and Easements, Restrictions, Covenants, and By-Laws.  Raffaello Hotel Management, LLC has as its sole member an entity called 201 East Delaware Holdings, LLC, a Delaware Limited Liability Company with its principal place of business located at 2200 Biscayne Blvd. in Miami, Florida.  201 East Delaware Holdings, LLC has as its sole member an entity called CH Region 1 Holdings LLC, a Florida LLC with its principal place of business located at 2200 Biscayne Blvd. in Miami, Florida.  CH Region 1 Holdings LLC has as its sole manager an entity called CH Property Holdings LLC a/k/a Crescent Heights Property Holdings LLC, a Florida LLC with its principal place of business located at 2200 Biscayne Blvd. in Miami, Florida.  Crescent Heights Property Holdings, LLC has among its managers Sonny Kahn, Russell Galbut, and Bruce Menin, all residents of the state of Florida with their principal place of business at 2200 Biscayne Blvd, in Miami, Florida.

8.    Defendant Raffaello Hotel Operations, LLC is Delaware Limited Liability Company with its principal place of business located at 2200 Biscayne Blvd. in Miami, Florida, and at times relevant to this Complaint has served as the Shared Facility Owner within the Association, as that term is defined in the Association's Declaration of Condominium Ownership and Easements, Restrictions, Covenants, and By-Laws.  Raffaello Hotel Operations, LLC has among its members KGM Chicago LLC, an unregistered entity with a principal place of business located at 2200 Biscayne Blvd. in Miami, Florida.  Upon information and belief, "KGM" stands for "Kahn Galbut Menin," the managers of Crescent Heights Property Holdings, LLC.

## ALLEGATIONS COMMON TO ALL CLAIMS

9.     The Association is governed by a Declaration of Condominium Ownership and Easements, Restrictions, Covenants, and By-Laws recorded in the Cook County Recorder's office on June 26, 2006, attached hereto as Exhibit A (the "Declaration").

10.     The entire Association Property (including all improvements and structures erected, constructed, or contained within the building) ("Property") was submitted to the "provisions of the Condominium Property Act of the State of Illinois." (*See* Declaration, Recitals; Section 4.1).

11.     Although formally labeled a "hotel condominium property," there is no provision in the Act that defines or sets forth laws relative to the administration or functioning of a "hotel condominium" in the State of Illinois.  All condominiums are subject to the Act in full once submitted as such.

12.     Upon information and belief, other hotel condominiums have attempted to deal with the structure of a hotel condominium by setting up those portions of the property that are necessary for hotel operations as a separate parcel under a separate declaration, so as not to place the entire property (inclusive of Units and hotel space) under the auspices of the Condo Act.  In this alternative arrangement, the relationship between a condominium association and the hotel would be governed by a separate agreement that specifically outlines the rights and obligations of the hotel operator *vis a vis* the association.

13.     Section 2.1 of the Act provides that the Act applies to "all condominiums in this State.  Any provisions of a condominium instrument that contains provisions inconsistent with the provisions of this Act are void as against public policy and ineffective." 765 ILCS 605/2.1.

14.     Despite the submission of the Property to the Act, the Defendants have prevented the Association from functioning lawfully both under the terms of the Association's Declaration as well as pursuant to the terms of the Act.

- 4 -

15. In short, the Association's Board is obligated to serve as a fiduciary with respect to the other Unit Owners of the building and in its administration of the Association's Common Elements.

16. Defendants, all of whom are related entities, have specifically sidestepped key provisions of both the Declaration (to the extent applicable) and the Act in order for them collectively to wrongfully 1) take dominion over the administration and costs associated with the Association's Common Elements; and 2) impose improper and onerous charges upon the Association and the Unit Owners so as to cause the Association significant damages.

17. Defendants accomplished and continue to assert this control, through 1) impeding the Association's Board from properly administering the Common Elements pursuant to the Declaration; 2) submitting a Declaration that contains many sections that are voidable to the extent such sections are in conflict with the Act; and 3) a failure to provide Unit Owners with disclosure of the Defendants' income and allocation of various charges imposed upon Unit Owners relative to the hotel portion of the Property.

18. Defendants exercise unwarranted discretion over expenses relating to the Association, not only failing to disclose income relative to the administration of the hotel, but also making decisions that directly affect the Common Elements in violation of both the Declaration and the Act. The Defendants' administration of the Hotel portion of the property prevents the Board of the Association (which the Condo Act requires to have complete control over the Association's common elements) to control the space that the Board is required under both the Declaration itself as well as the Act to administer and manage.

19. The Board has a fiduciary duty to the Unit Owners of the Association to administer portions of the Property pursuant to the Declaration and the Act. However, Defendants' conduct prevents the Board from discharging that fiduciary duty.

- 5 -

20.    Without any authority under the Declaration and beyond the lack of control of Common Elements that should be in the hands of Plaintiff, the Defendants have imposed improper, onerous, hidden charges upon the Unit Owners of the Association and the Association itself with no recourse to negotiate or even discover the basis of such charges absent legal action.

21.    Defendants' actions are especially egregious and willful because Unit Owners are parties to separate, interlocking agreements relating to the provision of hotel maintenance services and rental services, as further detailed below, with the Defendants, all of whom are related entities.   These obligations sit alongside and are referenced within the obligations set forth in the Declaration.

22.    In violation of the Declaration and Illinois law, the various arrangements by which the Unit Owners of the Association are beholden to the Defendants based on these interlocking agreements have allowed for charges imposed upon the Unit Owners to be manipulated so as to damage the Association and the Unit Owners based on the manner in which Defendants apply them.

23.    Defendants receive revenue from at least four sources based on the rental of Hotel Units by the general public and the charging by Defendants of various charges to "reimburse" themselves for the operation of the hotel.  This includes 1) revenue from "reimbursement" from the Unit Owners for various charges associated with the "ownership, operation, use, maintenance, repair, replacement and refurbishment" of the hotel portion of the property; 2) revenue based on the providing of Hotel Maintenance Services; 3) revenue from the rental of Units by the general public; 4) revenue from the utilization of travel agents for the booking of a Hotel Unit; and 5) revenue from the bar and other commercial areas of the Property owned and/or controlled by Defendants.

24.     Although the Defendants are required to take into account all sources of revenue and income to themselves prior to charging back Unit Owners for "reimbursements" associated with the hotel, Defendants have for years hidden from Unit Owners the income they have received, failed to allocate and account for income received in determining the amount of charge-backs to Unit Owners, and have imposed hidden and unwarranted charges upon the Association and Unit Owners for their own enrichment in violation of the Declaration and Illinois law.

25.     Because the Association and Unit Owners receive invoices that provide very limited information about the costs and revenue associated with the operation of the hotel, the full amount and nature such funds cannot be fully ascertained without an accounting by Defendants, who have intentionally covered up and prevented the Association from learning about the costs and revenue that they receive from the operation of the hotel operations within the Association.

### Facts Common to Plaintiff's Claims

#### *The Imposition of "Shared Facility Expenses" upon Unit Owners*

26.     The Declaration defines the entire property to consist of in excess of 170 Units, including Hotel Units, various commercial units, and a "Shared Facilities Unit" (those portions of the Property that comprise hotel operations) ("SFU") and Common Elements (those portions of the Property that do not comprise hotel operations).  *See* Declaration, Article I (Definitions)

27.     All of these areas are part of the Property under the Declaration and thus subject to the provisions of the Act.  765 ILCS 605/1, *et seq.*

28.     RHO is a Unit Owner of the Association.  RHO owns, among other Units, the SFU. As set forth above, the SFU is part of the Property.  *See* Declaration, Article I (Definition of "Property").

29.     The Association is required to administer and impose Common Expenses upon the Unit Owners relating to the expenses for all portions of the Property except for the Units

themselves and the SFU. This includes "without limitation, the expenses of maintenance, repair, administration and operation of the Common Elements." Declaration, Article I (Definition of "Common Expenses"; Article 5.1, 5.7(f)). This obligation is also contained in the Act for all Boards (*See*, e.g., 765 ILCS 605/18.4(a); Declaration, Article 5.2 (providing Board with "all powers prescribed in the Act.").

30. Under Section 6.10 of the Declaration, the SFU Owner (Defendant RHO) is provided the ability to charge back each of the Unit Owners (with the exception of Units owned by Defendants) only in connection with, among other things the "ownership, use, maintenance, repair, replacement and refurbishment of the [SFU]." Declaration, Article I (Definition of Shared Facilities Expenses). The Declaration does not provide exactly what specific charges were to be included in the SFU expense.

31. The SFU itself includes many aspects of the Property that are properly characterized as Common Elements under the Act, including all "stairways, corridors, hallways, entrances, and exits throughout the building." Indeed, a "unit" is defined in Section 2(d) of the Act as part of the property designed and intended for any type of independent use while "common areas" are defined in Section 2(e) as "all portions of the property except the units."

32. The SFU Expenses are to be based upon a Shared Facilities Budget, which RHO is required to prepare. That budget, among other things, is required to take into account the "estimated net available cash income from the year from the operation or use of the [SFU]." *See* Declaration, Section 6.10(a).

33. However, RHO in recent years has proceeded to charge the Association for presumed SFU expenses *without even submitting to the Association a budget*.

34. Upon information and belief, many of the charges imposed by RHO are not directly tied to the actual expenses incurred by RHO in connection with the SFU.

35. Defendants have likewise not provided to the Association an indication of the income attributable from the operation and use of the SFU.

36. By not submitting budgets to the Association and continuing to charge the Association for expenses it has not justified, RHO has intentionally and willfully concealed from the Association the actual costs and expenses for operating the hotel and the SFU.

37. This concealment is inappropriate in light of the requirement of Section 6.10(a) of the Declaration that requires the SFU Expense to take into consideration income received by RHO, including funds received through its operation of the SFU. "The Shared Facilities Budget "shall take into account the estimated net available cash income for the year from the operation or use of the Shared Facilities Unit."

38. Because RHO has not submitted a budget to the Association, there is no way of determining the full extent of the net available cash income received by RHO.

39. In addition, to the extent RHO has submitted budgets to the Association in the past, such budgets have conflated services related to the SFU and services related to the Common Elements of the Association as that term is defined in Article 3 of the Declaration that are required to be administered by the Association.

40. Continuing to the present time, Defendants have made unilateral determinations relative to what constitutes an SFU Expense and what constitutes a Common Expense without meaningful consultation with the Association. Defendants' actions relative to these expenses violates the terms of the Declaration.

41. The Plaintiff's obligation to assess the Unit Owners for all expenses relating to the Common Elements is separate from any right by RHO to assess for the SFU. *See* Declaration, Article V.

42. In addition to the Declaration, the Act likewise requires that all common areas within condominium associations are to be administered by a Board of Directors for the Association. *See* Act, Section 18.4(a).

43. Despite the requirement that the Association administer the Common Elements, Defendants have wrongfully taken over many of the functions that are explicitly reserved to the Board under the Declaration, entered into long-term obligations without the Board's knowledge, and have continued to commingle SFU Expenses that should be characterized as Common Expenses.

44. Defendants have failed to fully disclose the basis for much of what it considers to be appropriate areas for charge-backs based on the criteria for SFU expenses, especially in light of the fact that many of the charges encompass charges for areas that are more properly Common Expenses for the Common Elements.

45. For example, RHO has characterized pay for all engineering and security as SFU expenses, even though part of the duties of the engineers necessarily involves work on Common Elements and other areas of the Property outside of the SFU.

46. Other charges, long characterized as Common Expenses, such as Security expenses, were as recently as June 2015 changed by Defendants so as to now be characterized as SFU expenses.

47. In addition, Defendants, upon information and belief have allocated costs independently characterized as "Hotel Expenses" under the Maintenance Agreement (discussed below) as SFU Expenses.

48. Through Defendants' manipulations, Plaintiff has in the past and continues to lack the ability to fully administer the Association's Common Elements under the Declaration and the act.

*The Maintenance Agreement Between Unit Owners and Defendant Raffaello Management, LLC*

49.     The Declaration requires that "each Unit Owner of a Hotel Unit must enter into [a Hotel Unit Maintenance Agreement] with the SFU Owner and the Hotel Management Company (and to which each Unit Owner of a Hotel Unit must remain a party for so long as such Unit Owner Owns a Hotel Unit in the Condominium), in the then-current form promulgated from time to time by the Hotel Management Company and agreed upon by the SFU Owner." *See* Declaration, Article I (defining "Hotel Unit Maintenance Agreement").

50.     Section 7.1 of the Declaration sets forth that all Unit Owners of the Hotel "will be required to enter into a Hotel Unit Maintenance Agreement with the Developer (or any successor SFU Owner) and the Hotel Management Company . . . and each Unit Owner of a Hotel Unit will be required to be a party to such Hotel Unit Maintenance Agreement for so long as such Unit Owner owns a Hotel Unit in the Condominium."

51.     Beyond the requirement of entering into the Maintenance Agreement with a specified party connected with the Developer in order to reside in a Unit, the Declaration requires, as a condition of the Unit purchase, that "[n]o Unit Owner of a Hotel Unit shall have the right to opt out of entering into the Hotel Unit Maintenance Agreement, receiving the services to be provided pursuant to the Hotel Unit Maintenance Agreement . . . or paying any of the fees, costs or charges [imposed based on the Hotel Unit Maintenance Agreement]."  A copy of the form of the Maintenance Agreement is attached hereto as Exhibit B.

52.     The Maintenance Agreement permanently grants to the Defendant "Hotel Manager" (Raffaello Management, LLC) the right to manage the hotel.  The Hotel Manager was engaged by the Developer and/or RHO.  As set forth above, the Hotel Manager, the Developer and RHO are all related entities.  The Developer is expressly made a "third party beneficiary" to the Maintenance Agreement.

- 11 -

53. The services provided under the Hotel Maintenance agreement include "Hotel services," which include, according to the Hotel Maintenance Agreement, "housekeeping services, inspection and repair services, front desk services and other general Hotel operations services." *See* Hotel Maintenance Agreement, Paragraph 3.

54. Pursuant to Paragraph 4 of the Hotel Maintenance Agreement, Unit Owners are required to pay their pro-rata share of "Hotel Expenses." However, the term "Hotel Expenses" is not a term that is defined in the Hotel Maintenance Agreement and therefore there is nothing that distinguishes "Hotel Expenses" charged under the Hotel Maintenance Agreement from the definition of SFU Expenses described in Section 6.10 of the Declaration.

55. The Maintenance Agreement cannot be terminated by Unit Owners at any time. The only way the Agreement can be terminated is if the Developer terminates the relationship with the Hotel Manager. Given that the Developer and Hotel Manager are related entities, such termination rights are illusory.

56. The Maintenance Agreement has no expiration date by its terms, and the Hotel Manager is provided authority to, among other things, "establish[] rental rates for guest rooms in the Hotel, collect[] rents and other charges from Hotel Guests, impos[e] fees or charges upon the Unit and Owner (including without limitation, collecting and administering all fees, charges, assessments, reserves and other amounts contemplated under the Developer Documents.[)]" *See* Hotel Maintenance Agreement, Paragraph 8.

57. Defendants have not articulated to Plaintiff the difference between how charges are imposed for SFU expenses under the Declaration and "Hotel Expenses" as that term is set forth in the Maintenance Agreement.

58. Defendants have not articulated whether the Hotel Manager's imposition of "fees or charges upon the Unit or Owner" as set forth in Paragraph 8 are separated from the SFU Expenses charged to the Association.

*The Rental Agreement Between Unit Owners and Defendant RHO*

59. Unit Owners within the Association are provided the opportunity to participate in the rental program for the Raffaello Hotel, also called a rental pool. By being a part of a rental program, Unit Owners can collect a fraction rental income by virtue of the periodic rental of their Units for hotel purposes.

60. Based presumably upon the exclusive authority granted to the Hotel Manager/Developer in the Declaration and Hotel Unit Maintenance Agreement, Unit Owners of the Association entered into a "Raffaello Hotel Condominium Rental Program Agreement" ("Rental Agreement") with RHO. A version of the Rental Agreement from 2007 is attached hereto as Exhibit C.

61. The Rental Agreement provides the economic split by which RHO takes a share of the rental income paid by guests of the Unit Owners within the Association. The agency granted by Unit Owners to RHO under the Rental Agreement included the "exclusive authority [for RHO] to rent, operate, manage and administer, the Subject Guest Room."

62. As set forth above, the Developer included in the Declaration the requirement that all Unit Owners must enter into the Maintenance Agreement (for which Unit Owners cannot opt out). *See* Declaration, Section 7.1.

63. The terms of the Rental Agreement are financially onerous and unconscionable in favor of RHO.

64. Of the rental income received from hotel guests, RHO extracts an unspecified dollar amount for a "travel agency commission." Upon information and belief, even where bookings

are *not* made through an agency, the "commission" is taken by RHO in amounts as high as 20% of the rental amount. After all "commissions" are paid, RHO pays itself 55% of the rental income received for each Unit.

65. The split, in which RHO takes a lion's share of the income from the rental of the unit, is unconscionably high in favor of RHO. The current prevailing market rate for similar services has been quoted as a split in which Unit Owners would receive 65% of all Rental Income.

66. The split is even more unconscionable for the Unit Owners considering all of the costs required to be paid to RHO for the Shared Facilities Expenses (detailed above), which subsidizes RHO's assessments, taxes, and all operating costs for the SFU, all of which are imposed at the sole and "conclusive" discretion of Defendants.

67. It is not known how RHO allocates the revenue it receives as income under the rental agreements in light of the charges imposed on Unit Owners as SFU Expenses under the Declaration and the "Hotel Expenses" under the Maintenance Agreement.

68. Upon information and belief, RHO has hid Rental Income from one or more Unit Owners by renting out Units and failing to report the income attributable to the rental to such Unit Owner.

69. Upon information and belief, RHO, in concert with the other Defendants, has manipulated the Shared Facilities Expenses so as to double dip on funds received under the Rental Agreement.

70. The interlocking nature of the obligation of the SFU Expense under the Declaration along with the undefined "Hotel Expenses", as well as the rental split in favor of RHO under the Rental Agreement permits Defendants improper discretion to determine in what fashion it will impose charges on Plaintiff and the Unit Owners.

71.   RHO and the other Defendants have purposefully concealed rental income received under the various Rental Agreements in order to extract extra SFU charges from the Association.

72.   Concealment of income received from hotel revenue is not permitted under the Declaration, which requires in Section 6.10(a), among other things, for the SFU Owner to disclose all income received from its operation of the SFU/hotel.

73.   Although the Association has attempted to speak with Defendants about entering into alternate arrangements relating to a rental split, Defendants have refused to provide any alternate arrangements for the rental pool, and have refused to disclose any of the financial issues related to the split and the expenses discussed above.  The choice for the Association Unit Owners has been to continue with RHO's onerous rental split or be barred from the rental program.

74.   Despite repeated requests from the Association, the Defendants have refused to negotiate with the Association in good faith regarding the terms of the Rental Agreement.

75.   Defendants have further threatened to remove Unit Owners from the rental program if they do not consent to signing a new version of the Rental Agreement (drafted in 2014) that would lock Unit Owners (and their heirs/beneficiaries) in to another oppressive Rental Agreement for a *seven year* term that cannot be cancelled, among other onerous and unconscionable terms.  (See proposed Rental Agreement, attached hereto as Exhibit D).

76.   Plaintiff has been damaged by virtue of this arrangement, as well as the improper administration of the Property by Defendants.  The value of the Units within the Association has been severely diminished by virtue of Defendants' actions.

*The Declaration's Wrongful Definition and Treatment of Common Elements and Charges for the "Shared Facilities Unit"*

77.      Under Section 5.2 of the Declaration, the Association is charged with the "maintenance, repair, replacement, administration, and operation of the Common Elements.  The

Board shall be deemed to be the "Board of Managers" for Unit Owners referred to in the [Condo] Act."

78.     RHO has charged SFU Expenses that should be characterized as Common Expenses under the Declaration.   Because, among other reasons, Defendants have made determinations of what constitutes an SFU Expense and what constitutes a Common Expense, the manner in which the SFU has been administered by RHO violates 1) Section 5.7 of the Declaration, which outlines the powers and duties of the Board, including the duty administer the Common Elements and for the Board to execute its duties pursuant to the Act; and 2) Section 18.4(a) of the Condo Act, which requires that the Board of Directors of a condominium shall bear *sole* responsibility "for operation, care, upkeep, maintenance, replacement, and improvement of common elements."

79.     As it stands, Defendants have prevented the Association from executing its responsibilities responsibility for what are, by all definitions in Section 3.1 of the Declaration and Section 2(e) of the Act, "common elements."

80.     In addition, the manner in which RHO has imposed Shared Facilities Expense violates Section 9(f) of the Condo Act which sets forth that "*any* assessment" imposed on Unit Owners "shall be in amounts and at times determined by the board of managers" of the Association.

81.     As it stands, power over many of the operations related to the Common Elements are not completely vested with the Plaintiff Board, but rather with RHO, a defined "Unit Owner" under the Declaration.

82.     In addition, the method by which Unit Owners have been forced to subsidize RHO's use of the SFU has been done in arbitrarily and in bad faith.   The Unit Owners, at minimum, should be entitled to an accounting relative to the amounts charged by RHO and

whether they are expenses that relate to the SFU at all, including a statement of the net income received by RHO under the Rental Agreements, which is required to be taken in consideration pursuant to Section 6.10(a) of the Declaration.

83.     An accounting is necessary is because RHO is simultaneously collecting from the Unit Owners moneys from the rental of their Units. The SFU Expenses (pursuant to Section 6.10(a) of the Declaration) are required to take account of *all* income received by RHO. Upon information and belief, RHO has intentionally withheld and concealed income received from the operation of the SFU and the Hotel in order to enrich itself with funds to which it is not entitled.

84.     In addition, upon information and belief, Defendants have unjustly enriched themselves to the tune of hundreds of thousands of dollars since 2006 by seeking reimbursement for hotel operation costs completely unrelated to operation of the "Shared Facilities Unit" as that term is defined in the Declaration.

### COUNTS I-II

85.     Counts I-II were dismissed with leave to replead. Plaintiffs elect to stand on their prior pleading of counts I and II reserve the issue of their dismissal for appeal.

### COUNT III – DECLARATORY JUDGMENT—REMOVAL OF SFU

86.     Plaintiff realleges and incorporates by reference herein all of the allegations contained in paragraphs 1 through 84 of this Amended Complaint.

87.     Section 4.1 of the Declaration states, "The Property is hereby submitted to the provisions of the Condominium Property Act of the State of Illinois." (Declaration, Section 4.1). As such, the provisions of the Declaration are to be read in conjunction with and consistent with the provisions of the Condo Act.

88.     Section 4.1(b) of the Condo Act states that the terms of the Condo Act control over provisions of any condominium's Declaration that are inconsistent with the Condo Act.

89.     In addition, Section 2.1 of the Condo Act provides, "Any provisions of a condominium instrument that contains provisions inconsistent with the provisions of this Act are void as against public policy and ineffective."

90.     On September 24, 2014, via a recorded "Special Amendment" to the Declaration, RHO purported to unilaterally remove certain portions of the SFU from "the Shared Facilities Unit, and from the Condominium, the Declaration, and the [Condo] Act." *See* Exhibit E.

91.     RHO justifies this "removal" via Section 2.3 of the Declaration which purports to reserve to the Developer or RHO the right to "expand, alter, relocate, withdraw, and/or eliminate portions of the [SFU]."

92.     Despite this removal, upon information and belief, RHO has continued to impose Shared Facilities Expenses upon the Association based on operating expenses associated with that portion of the SFU that was removed from the SFU, the Condominium, and the Act through the Special Amendment.

93.     The filing of the Special Amendment also violates Section 2.3 of the Declaration in that the removal has substantially and unreasonably impacted the ingress and egress of Unit Owners within the Association and has further impacted the operations of the hotel within the building.

94.     In addition, the unilateral removal of portions of a Unit from the Condominium and the Act by RHO via the September 24, 2014 Special Amendment is inconsistent with and improper in light of Section 27(a)(ii) of the Act, which states without exception that: "no amendment to the condominium instrument shall change the boundaries of any unit." This is especially damaging with respect to the Special Amendment since the withdrawn areas are critical to the functioning of the Property.

95.     There is an actual and justiciable controversy that has arisen and now exists between the parties relating to the interpretation of Section 2.3 of the Declaration, Section 27(a)(ii) of the Act; and the parties' respective rights, duties and obligations under the Declaration.

96.     In particular, Plaintiff seeks a declaratory judgment that the Declaration prevents RHO from removing certain portions of the SFU and to interpret the terms of the Declaration to determine the proper amount of SFU Expenses to be assessed after RHO's removal.

WHEREFORE, Plaintiff respectfully requests this Court enter a declaration, along with all other equitable and proper relief flowing from such declaration that:

a.  RHO's filing of the Special Amendment of September 24, 2015 removing certain portions of the SFU is void to the extent it conflicts Section 27(a)(ii) of the Condo Act, which states that "no amendment to the condominium instrument shall change the boundaries of any unit."

b.  RHO's Special Amendment of September 24, 2015 removing certain portions of the SFU violates Section 2.3 of the Declaration in in that the removal has substantially impacted the ingress and egress of Unit Owners within the Association and impacts the operations of the hotel operations within the building.

c.  To the extent the removal is deemed valid, RHO may no longer impose SFU Expenses or any other charges based upon portions of the SFU that were removed from Condominium and the SFU via the Special Amendment.

## COUNT IV – BREACH OF DECLARATION

97.     Plaintiff realleges and incorporates by reference paragraphs 1 through 84 and 87 through 96 as if set forth herein.

- 19 -

98.     RHO is bound by the terms of the Declaration, along with all of the other Unit Owners.

99.     Under Section 6.10(a) of the Declaration, RHO is permitted to charge "Shared Facility Expenses" only to recover "the costs of ownership, operation, use, maintenance, repair, replacement and refurbishment of the Shared Facilities Unit and all improvements and personalty located within or upon the Shared Facilities Unit . . ."

100.    RHO has collect assessments based upon an outdated budget, which included numerous charges and charge backs upon the Unit Owners which are not proper "Shared Facility Expenses" in contravention of the Declaration.

101.    RHO has failed to take into consideration "net available cash income" from the operation of the SFU in determining the Shared Facilities expenses.

102.    As a result of RHO's violations of the Declaration, the Association has been wrongly charged for Shared Facilities Expenses, and thereby damaged.

WHEREFORE, Plaintiff respectfully requests this Court enter judgment in his favor and against Defendant for damages in an amount in excess of $150,000.00, prejudgment interest, and all other just and proper relief.

## COUNT V – UNJUST ENRICHMENT

103.    Plaintiff realleges and incorporates by reference paragraphs 1 through 84 and paragraphs 87 through 96 as if set forth herein.

104.    Count V is pled in the alternative to Count IV.

105.    Pursuant to Section 6.10(a) of the Declaration, RHO is to prepare a Shared Facilities Budget regarding "the costs of ownership, operation, use maintenance, repair, replacement and refurbishment" of the SFU, and is required to take into account all of the income otherwise received from the Association and Unit Owners based on both the Shared

Facilities Expenses received from the Association as well as monies received from RHO's share of income received from the Rental Agreements in effect with the Unit Owners.

106.     The Shared Facilities Budget is to be the vehicle by which the Association pays the Shared Facility Expenses charged by RHO.

107.     RHO has ceased sending a Shared Facilities Budget to the Association.  The Association has not been provided with any basis for charges currently imposed by RHO.

108.     To the extent budgets have been provided to the Association, such budgets have failed to take into account net income received by RHO as part of its operation of the SFU in violation of Section 6.10(a), and has included charges that are not related to the SFU.

109.     RHO has continued to simultaneously receive funds from 1) the Association's payment of the Shared Facilities Expense despite the absence of a budget; and 2) RHO's split of rental income received from the rental pool based upon the Rental Agreement in effect with the Unit Owners.

110.     RHO has received and continues to receive amounts from the Association that do not relate directly to the actual expenses incurred by RHO for the "ownership, operation, use, maintenance, repair, replacement and refurbishment" of the SFU.

111.     Upon information and belief, RHO has failed to properly allocate funds received from Unit Owners based on the Rental Agreement towards the SFU, thus increasing the burden by the Association to pay an artificially higher Shared Facilities Expenses to RHO.

112.     Defendants have been unjustly enriched by retaining funds that are not directly necessary for the operation of the SFU to which RHO has no legal claim.

113.     Defendants' improper retention of funds paid by the Association Shared Facilities Expenses to the Association violates fundamental principles of justice, equity, and good conscience.

WHEREFORE, Plaintiff respectfully requests this Court enter judgment in his favor and against Defendant for damages in an amount in excess of $150,000.00, prejudgment interest, and all other just and proper relief.

## COUNT VI – CONVERSION

114.     Plaintiff realleges and incorporates by reference herein all of the allegations contained in paragraphs 1 through 84 and 87 through 113 as if set forth herein.

115.     Under Section 6.10(a) of the Declaration, RHO is allowed to collect Shared Facilities Expenses to be reimbursed only for "the costs of ownership, operation, use maintenance, repair, replacement and refurbishment of the [SFU] and all improvements and personalty located within or upon the [SFU]."

116.     RHO has collected assessments that do not relate to the permissible avenues for SFU reimbursement detailed in Section 6.10 of the Declaration.

117.     RHO has imposed charges upon the Association beyond the authority permitted to RHO under the Declaration.  Such funds have been received unlawfully.

118.     Plaintiff, in its representative capacity under Section 9.1 of the Act, is entitled to the immediate return of those funds for distribution to the Unit Owners.

119.     RHO has refused to return funds it unlawfully received from the Unit Owners for Shared Facility Expenses which it continues to withhold without right at law.

WHEREFORE, Plaintiff respectfully requests this Court enter judgment in his favor and against Defendant for damages in an amount in excess of $150,000.00, prejudgment interest, and all other just and proper relief.

## COUNT VII - ACCOUNTING

120.     Plaintiff realleges and incorporates by reference herein all of the allegations contained in paragraphs 1 through 84 and 87 through 119 as if set forth herein..

- 22 -

121.     It is within Defendants' exclusive control to determine the full extent of funds it has received attributable to the operation of the hotel and the SFU.

122.     Defendants have purposefully prevented Plaintiff from ascertaining the funds associated with the operation of the hotel and the SFU.

123.     Due to Defendants' acts of conversion and fraud, an accounting is required to determine the extent of the Defendants' wrongful takings and determine where those funds have been transferred to or how they were expended.

124.     Because of Defendants' reluctance and refusal to provide data related to the SFU and the operation of the hotel, there exists a need for discovery and an accounting.

125.     Defendants' reluctance and refusal to provide information related to the operation of the SFU and the hotel makes Plaintiff's damages virtually impossible to fully measure.

126.     To determine the full scope of Defendants' finances stemming from their operation of the hotel and the SFU, Plaintiff is entitled to an accounting.

WHEREFORE, Plaintiff respectfully prays that this Court enter the following relief;

A)     An order requiring Defendants to provide Plaintiff with an accounting of all hotel operation expenses and income from 2008 to the present;

B)     Granting such other and further relief as the Court deems just and proper.

## COUNT VIII – DECLARATORY JUDGMENT
## IMPROPER IMPOSITION OF SFU CHARGES

127.     Plaintiff realleges and incorporates by reference herein all of the allegations contained in paragraphs 1 through 84 and 87 through 126 as if set forth herein..

128.     Section 4.1 of the Declaration states, "The Property is hereby submitted to the provisions of the Condominium Property Act of the State of Illinois.  (Declaration, Section 4.1).  As such, the provisions of the Declaration are to be read in conjunction with and consistent with the provisions of the Illinois Condominium Act.

129.     Section 4.1(b) of the Condo Act states that the terms of the Condo Act control over provisions of any condominium's Declaration that are inconsistent.

130.     In addition, Section 2.1 of the Act provides that "any provisions of a condominium instrument that contains provisions inconsistent with the provisions of this Act are void as against public policy and ineffective."

131.     There is no exception set forth in the Act for Hotel Condominiums.

132.     All portions of the Property are subject to the Declaration (to the extent the Declaration does not conflict with the Act) and the Act itself.

133.     The definition of Common Elements is defined in Section 3.1 of the Declaration and specifically excludes the Shared Facilities Unit.

134.     The definition of Shared Facilities Unit in Article I of the Declaration does not include the Common Elements and Section 6.10 of the Declaration, which addresses Shared Facilities Expenses, does not allow Defendants ability to charge for Common Expenses.

135.     There is a conflict between these provisions because Defendants have interpreted them to impose SFU Expenses based on costs associated with the Common Elements.  This is improper under the language of the Declaration.  *See* Declaration Section 5.1; 5.2; 5.7(f); 5.7(g).

136.     The imposition of SFU charges by Defendants that impact Common Elements as defined in the Declaration violates Section 18.4(a) of the Condo Act, which requires that the Board of Directors of a condominium shall bear *sole* responsibility "for operation, care, upkeep, maintenance, replacement, and improvement of common elements."

137.     Defendants have determined and imposed SFU Expenses based on costs associated with the Common Elements (as that term is defined in the Declaration), including but not limited to Engineering costs, Security costs, certain portions of Cable TV charges, common area maintenance.

138.    All Costs associated with the Common Elements are required to be assessed to the Unit Owners as Common Expenses under Article V of the Declaration.

139.    Defendants have taken the position that SFU charges, to the extent they impact Common Elements, should be imposed at RHO's sole discretion as SFU Expenses without consultation with the Association.

140.    Defendants have characterized certain expenses of the building as SFU expenses (such as engineering expenses, security expenses, among other things) when such expenses must properly be characterized as Common Expenses.

141.    To the extent Defendants have imposed and continues to impose SFU Expenses (or Hotel Expenses as defined in the Maintenance Agreement) for expenses that impact or directly involve the Common Elements (as that term is defined in the Declaration) in its sole discretion Article V of the Declaration, RHO has violated the Declaration.

142.    To the extent RHO and Defendants have determined assessments based on costs Associated with the Common Elements (as that term is defined in the Declaration) such assessment violates section 9(f) of the Condo Act requiring that "any assessment" shall be in amounts and at times as determined by the board of managers of the Association.

143.    There is an actual case or controversy among the parties concerning the interpretation and application of Defendants' imposition of SFU charges that impact Common Elements, and the interpretation and application of the discretion afforded to RHO.

144.    Defendants' interpretation and application of these definitions and provisions are at odds with the language of the Declaration.

WHEREFORE, Plaintiff respectfully requests this Court enter a declaration, along with all other equitable and proper relief flowing from such declaration that:

    a.   Defendants are not permitted to include Common Expenses as part of the SFU Expenses under the Declaration;

    b.   Defendants' charging of Common Expenses as an SFU Expense violates Article V of the Declaration;

    c.   To the extent some expenses of the Property constitute both SFU Expenses and Common Expenses, Defendants may not impose the entire expense as an SFU Expense upon the Unit Owners.

    d.   Defendants' charging of Common Expenses as an SFU expense violates Section 9(f) of the Act.

### COUNT IX – DECLARATORY JUDGMENT
### IMPROPER ADMINISTRATION OF COMMON ELEMENTS

145.    Plaintiff realleges and incorporates by reference herein all of the allegations contained in paragraphs 1 through 84 and 87 through 143 as if set forth herein..

146.    Section 4.1 of the Declaration states, "The Property is hereby submitted to the provisions of the Condominium Property Act of the State of Illinois."  (Declaration, Section 4.1). As such, the provisions of the Declaration are to be read in conjunction with and consistent with the provisions of the Illinois Condominium Act.

147.    The allegations set forth in this claim are raised in the alternative to the Declaratory Relief set forth in Counts III and VIII above.

148.    Section 4.1(b) of the Act states that the terms of the Act control over provisions of any condominium's Declaration that are inconsistent with the terms of the Act.

149.    Section 2.1 of the Act provides that the Act applies to "all condominiums in this State.  Any provisions of a condominium instrument that contains provisions inconsistent with the provisions of this Act are void as against public policy and ineffective."

150.    The entire Association Property (including all improvements and structures erected, constructed, or contained within the building) ("Property") was submitted to the "provisions of the Condominium Property Act of the State of Illinois." (*See* Declaration, Recitals; Section 4.1).

151.    There is no exception in the Condo Act for "hotel condominiums" that would otherwise permit a condominium submitted under the Act any special exemptions from being administered in compliance with the Act.

152.    No Association or Unit Owner has the ability to waive compliance with the Act once an Association has been submitted under the Act.

153.    Section 2(d) of the Condo Act defines "Unit" as "a part of the property designed and intended for any type of independent use."

154.    Section 2(e) of the Condo Act defines "Common Elements" as "all portions of the property except the units."

155.    Although characterized by the Developer as a "Unit," the Shared Facilities Unit contains portions of the building that are defined as common elements under the Act, including but not limited to stairways, corridors, hallways, entrances, exits, and other areas used by all Unit Owners in common. *See* Declaration, Section 2.3.

156.    The Shared Facilities Unit is not designed for any "independent" use as required for "Unit[s]" by Section 2(e) of the Condo Act, but rather is for the dependent, common use of every Unit Owner. No Unit Owners can reach their Unit without going through the areas marked as the SFU and the Association is completely dependent upon the access and shared use of the facilities contained in the SFU.

157.    Indeed, the distinction between SFU and the Common Elements is often confusing, with the SFU consisting of "all non-load-bearing walls" within the entire Property and

the Common Elements consisting of "structural parts of the Building not comprising any portion of the Units." *See* Declaration, Section 2.3; 3.1.

158.    Upon information and belief, Defendants have not properly observed the distinction between the SFU and the Common Elements in administering the hotel portion of the Property.

159.    Despite the SFU being composed of Common Elements and its use necessarily required by all Unit Owners, the Association is granted no oversight or input relative to the operation or expenses of the SFU, and the Defendants have interpreted the Declaration to allow themselves to administer portions of the SFU even to the extent that it directly affects the Common Elements, a function expressly reserved to the Association (*see* Count VIII).

160.    The manner in which the Property has been administered has prevented the Association from discharging its duties required under Article V of the Declaration and under the Act.

161.    As a result of the privileges and immunities granted to RHO by the Developer, Section 18(b)(2) of the Condo Act has been violated, requiring that the Association "shall have one class of membership."  Here, there are two classes of Unit Ownership:  the Unit Owners (with all of their burdens and responsibilities) and RHO (with all of its collection powers and immunities described herein).

162.    There is an actual and present controversy on this issue regarding a conflict in the manner in which the Board is required to discharge its fiduciary duties under the Declaration and the Act and the manner in which Defendants have interpreted the Declaration relative to its administration of the SFU and various Common Elements.

163.    At the same time, Defendants, while emboldened with various powers under the Declaration, cannot extend certain rights, immunities and obligations beyond those permitted of

a Unit Owner under the Condo Act as it relates to the Association and the powers reserved to the Board.

164.    Defendants have unilaterally made decisions relating to the Common Elements in violation of the Declaration and the Act.

165.    While Plaintiff does not seek substantive relief under the Condo Act, it requests that the Court provide a determination as to the parties' rights to the extent the administration of the Property based on Declaration conflicts with the terms of the Act.

WHEREFORE, Plaintiff respectfully requests this Court enter a declaration, along with all other equitable and proper relief flowing from such declaration that:

    a.  The SFU wrongly includes what is required to be "Common Elements" as defined in Section 2(e) of the Condo Act, including areas that are not intended for "independent use;"

    b.  The SFU, as defined in the Declaration, is not a "Unit" as that term is set forth in Section 2(d) of the Condo Act to the extent that certain areas within the SFU are not intended for "independent use;"

    c.  To the extent that administration of the SFU and/or the hotel by Defendants impacts the Common Elements, such administration violates both Article V of the Declaration and Section 18.4(a) of the Declaration, which requires the Association to be responsible "for operation, care, upkeep, maintenance, replacement, and improvement of common elements;"

    d.  To the extent various portions of the Property controlled by Defendants under the Declaration constitute Common Elements under the Declaration and/or the Act, such Common Elements must be administered solely by the Association;

e.  RHO's assessment of Shared Facilities Expenses in its sole discretion and without the input and/or cooperation of the Association violates section 9(f) of the Condo Act requiring that "any assessment" shall be in amounts and at times as determined by the board of managers of the Association;

f.  The immunities, exemptions and powers delegated to RHO (as a presumptive Unit Owner) in the Declaration (including but not limited to the power to assess in Section 6.10 and the exemption for the RHO from paying taxes or assessments) violates Section 18(b)(2) of the Condo Act requiring one class of membership within the Association for all rights, privileges, and obligations relating to the administration of the condominium association;

g.  The immunities, exemptions, and powers delegated to RHO (as a presumptive Unit Owner) in the Declaration (including but not limited to the power to assess in Section 6.10) violates Section 18.4(a) of the Act, which requires that the Board of Directors of a condominium shall bear *sole* responsibility "for operation, care, upkeep, maintenance, replacement, and improvement of common elements."

RAFFAELLO CONDOMINIUM
ASSOCIATION

By: /s/ David J. Bloomberg
One of Its Attorneys

David J. Bloomberg
Kristen Hudson
Adam K. Beattie
Chuhak & Tecson, P.C.
30 S. Wacker Drive, Suite 2600
Chicago, IL 60606
Telephone (312) 444-9300
Facsimile (312) 444-9027
dbloomberg@chuhak.com
khudson@chuhak.com
abeattie@chuhak.com